IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEONI R. JAENTSCH, #A1019833, | ) NO. 1:18-cv-00073 HG-KSC ) |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT ) IN PART WITH LEAVE GRANTED ) TO AMEND |
| vs. | ) ) |
| PATTIE-ANN K. PUHA, RAQUEL TAGUCHI, YUMI SUZUKI, | ) ) ) |
| Defendants, | ) ) |
| _____ | ) |

**<u>ORDER DISMISSING COMPLAINT IN PART</u>**
**<u>WITH LEAVE GRANTED TO AMEND</u>**

Pro se Plaintiff Keoni R. Jaentsch is incarcerated at the Oahu Community Correctional Center ("OCCC"); he brings this action pursuant to 42 U.S.C. § 1983. Compl., ECF. No. 1. Jaentsch alleges Defendants Pattie-Ann K. Puha, Raquel Taguchi, and Yumi Suzuki ("Defendants") violated his constitutional rights and state criminal statutes when they allegedly entered his home without his consent while he was detained at OCCC.

For the following reasons, Jaentsch's Complaint is DISMISSED in part with leave granted to amend.

1

## I. **STATUTORY SCREENING**

Because Jaentsch is a prisoner proceeding in forma pauperis the Court is required to screen his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). The Court must dismiss a complaint or claim that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (screening under § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (screening under § 1915A(b)).

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening pursuant to § 1915A). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.; see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  ALLEGATIONS IN THE COMPLAINT

In Count I, Jaentsch states that Puha, who is named in her individual capacity, entered Jaentsch's home between April 16 and 20, 2017, and "stole items without my permission or concent [sic]" while he was detained at OCCC.  Compl., ECF No. 1, PageID #5.  Jaentsch alleges this constitutes an illegal search and seizure under the Fourth Amendment and violated Hawaii Revised Statutes §§ 708-810, 708-812, 708-813, and 708-814.[1]  Jaentsch filed a police report and homeowners insurance claim regarding this incident.

In Counts II and III, Jaentsch alleges that Taguchi, a Department of Human Services ("DHS"), Child Welfare Services division social worker, entered his home without his consent on April 19, 2017, while he was incarcerated at OCCC, with her supervisor, Suzuki's authorization.  Jaentsch says that he has video surveillance of Taguchi's entry into and exit from his

---

[1] Hawaii Revised Statutes § 708-810 defines "Burglary in the first degree;" § 708-812 defines "Possession of burglar's tools;" and §§ 708-813 & 708-814 define "Criminal trespass" in the first and second degrees, respectively.

home.  He alleges Taguchi's and Suzuki's actions constitute an illegal search and seizure under the Fourth Amendment, violate the Equal Protection Clause of the Fourteenth Amendment, and violate Haw. Rev. Stat. §§ 708-811 & 708-814.[2]  Jaentsch names Taguchi and Suzuki in their individual and official capacities.

### III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

---

[2] Hawaii Revised Statutes § 708-811 defines "Burglary in the second degree" and § 708-814 defines "Criminal trespass" in the second degree.

5

## A. Eleventh Amendment Immunity

Jaentsch names Taguchi and Suzuki in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Jaentsch does not allege an ongoing constitutional violation or raise any colorable claim for prospective declaratory or injunctive relief. Claims against Taguchi and Suzuki as named in their official capacities are DISMISSED with prejudice.

## B. Fourth Amendment

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The unlawful "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *Payton v. New York*, 445 U.S. 573, 585 (1980).

The Supreme Court has consistently emphasized that "except in certain carefully defined classes of cases, a search of private property without proper consent is 'unreasonable' unless it has been authorized by a valid search warrant." *Cady v. Dombrowski*, 413 U.S. 433, 439 (1973) (quoting *Camara v. Municipal Court*, 387 U.S. 523, 528-29 (1967). *See also Katz v. United States*, 389 U.S. 347, 356-57 (1967) ("Over and over again this Court has emphasized that the mandate of the [Fourth] Amendment requires [that] . . . searches conducted outside the judicial process . . . are per se unreasonable . . . subject only to a few specifically established and well-defined exceptions.") (citation

omitted). Accordingly, warrantless searches of a home are presumptively unreasonable. *Matalon v. Hynnes*, 806 F.3d 627, 633 (1st Cir. 2015).

### 1. *Defendants Taguchi and Suzuki*

When government officials enter and search a home without a warrant (or consent), it is the State's burden to prove that some exception to the warrant requirement applies. *See United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001). Although Jaentsch's facts are sparse, he states enough for the Court to plausibly infer that Taguchi, a state employee, entered his home without his permission or a warrant and that Suzuki authorized her to do so in her capacity as a DHS supervisor. Counts II and III state claims under the Fourth Amendment against Taguchi and Suzuki in their individual capacities and may proceed.

### 2. *Puha*

Puha appears to be a private individual unconnected with Taguchi and Suzuki.[3] Courts "start with the

---

[3] On Oct. 30, 2016, Jaentsch was charged with "intentionally, knowingly, or recklessly physically abus[ing]

presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A private party may, under limited circumstances, act under color of state law when "[she] is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002).

Courts use the following factors to identify private action that qualifies as state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quotation omitted). Regardless of which test applies, the fundamental consideration is whether the private conduct is fairly attributable to the state. *Id.* at

---

Pattie-Ann Jaentsch, a family or household member," in *State v. Jaentsch*, 1FC161000066 (1st Cir. Haw. 2016). *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *see also* Fed. R. Evid. 201(b). Jaentsch was convicted of Abuse of Family or Household Members in the Presence of a Household Member Less than 14 years of Age, in violation of Haw. Rev. Stats. § 706-906(1) and (9), on Nov. 15, 2017.

1096.  Ultimately, a plaintiff bears the burden of establishing that a particular defendant is a state actor under any applicable test.  *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

Jaentsch alleges no facts suggesting that Puha acted under color of state law when she allegedly entered the property here without Jaentsch's permission and stole items.  He may be attempting to show that Puha acted jointly with Taguchi, although his statements are vague.  To establish joint action, a plaintiff must show willful, joint participation between the state and a private actor in which "the state has so far insinuated itself into a position of interdependence with the private [actor] that it must be recognized as a joint participant in the challenged activity.  This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior."  *Florer*, 639 F.3d at 926.

Jaentsch, however, does not allege that Taguchi or Suzuki condoned, directed, or participated in Puha's

alleged theft.  Nor does he allege that Puha gave Taguchi permission to enter the house or that Taguchi was present when Puha entered the house.  He also alleges no facts showing that the State derived any benefit from Puha's conduct.  Finally, Jaentsch fails to allege facts showing that Puha's conduct violated his constitutional rights, as opposed to having allegedly violated Hawaii's criminal statutes.

The Court is unable to infer that Puha acted in concert with the State here.  Claims alleged against Puha under the Fourth Amendment in Count I are DISMISSED without prejudice.

**C.  Equal Protection Claims are Dismissed**

Jaentsch alleges that Taguchi's and Suzuki's actions violated his rights under the Equal Protection Clause of the Fourteenth Amendment.  *See* Compl., ECF No. 1, PageID #6-7.

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of laws."  U.S. Const. amend XIV, § 1.  A plaintiff can state an equal protection claim in one

11

of two ways. First, a plaintiff can allege that "defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *See Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (citing *Washington v. Davis*, 426 U.S. 229, 239-40 (1976)).

Second, if there is no allegation of a suspect classification a plaintiff can establish an equal protection "class of one" by alleging that he or she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004).

Even when liberally read, the Complaint fails to state an equal protection violation. Jaentsch does not allege that he is part of a protected class or that Taguchi and Suzuki treated him differently than other similarly situated individuals, and that there was no

12

rational basis for their actions. Jaentsch's conclusory allegations are insufficient to state a claim for a violation of the Equal Protection Clause. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although . . . [the court] must take all the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation.") (citations omitted)).

To the extent that Counts II and III allege that Taguchi and Suzuki violated the Equal Protection Clause of the Fourteenth Amendment, they are DISMISSED without prejudice.

**D. Claims Raised Under Hawaii's Criminal Statutes Are Dismissed**

As a private individual, Jaentsch does not have the authority to bring criminal charges under Hawaii's criminal statutes against Puha, Taguchi, and Suzuki. *See Kapu v. Attorney Gen. Hawaii*, 2017 WL 4479252, at *5 (D. Haw. Oct. 6, 2017) (private individuals have no authority to issue a criminal indictment for any criminal statute); *Coryell v. Oakley*, 2018 WL 805663,

at *2 (E.D. Cal. Feb. 9, 2018); *Retanan v. Cal. Dep't of Corr. & Rehab.*, 2012 WL 1833888, at *5 (E.D. Cal. May 18, 2012) (stating, "it is well-established that a private individual has no constitutional right and standing to bring a criminal complaint against another individual").

Whether to prosecute and what charges to file are decisions that generally rest in the prosecutor's sole discretion. *United States v. Batchelder*, 442 U.S. 114, 124 (1979). That is, only the government has the authority to decide if criminal charges should be filed against an individual. *Bailey v. Robinson*, 2009 WL 1034890, at *3 (W.D. Wash. Apr. 15, 2009). Jaentsch has filed a police report regarding his claims and it is up to the state prosecutor to initiate charges on that report. Jaentsch may not pursue criminal charges against Defendants by way of a federal civil rights action.

To the extent Jaentsch alleges claims under Hawaii Revised Statutes §§ 708-810 to 708-814, those claims are DISMISSED with prejudice.

14

## IV. LEAVE TO AMEND

The Complaint is DISMISSED in part. Jaentsch may file an amended complaint on or before May 4, 2018, that cures the deficiencies in claims dismissed without prejudice. If he elects to file an amended pleading, Jaentsch must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Hawaii. Local Rule LR10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Any amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, submitted on the court's prisoner civil rights form, and will supersede the preceding complaint. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

IN THE ALTERNATIVE:

In writing on or before May 4, 2018, Jaentsch may choose to stand on his claims against Defendants Taguchi and Suzuki in Counts II and III as alleged under the Fourth Amendment and limited by this Order. On receipt of written notification, or if Jaentsch fails to timely submit an amended complaint, the Court will order the present Complaint as limited herein served on Defendants Raquel Taguchi and Yumi Suzuki without further notice.

## V.  CONCLUSION

(1)  Claims in Counts II and III as alleged under the Fourth Amendment state a plausible claim for relief against Defendants Raquel Taguchi and Yumi Suzuki in their individual capacities and may proceed.

(2)  Claims against Taguchi and Suzuki in their official capacities are DISMISSED with prejudice.

(3)  All other claims are DISMISSED without prejudice.  Jaentsch may file an amended pleading that cures the deficiencies in claims dismissed without prejudice on or before May 4, 2018.

(4) IN THE ALTERNATIVE, Jaentsch may choose to notify the Court in writing on or before May 4, 2018, that he elects to proceed with his claims against Defendants Raquel Taguchi and Yumi Suzuki under the Fourth Amendment as limited in this Order and those claims shall be served.

(6) The Clerk is DIRECTED to send Jaentsch a prisoner civil rights complaint form so that he may comply with this Order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 23, 2018.



Helen Gillmor
United States District Judge

Keoni R. Jaentsch, #A1019833 v. Pattie-Ann K. Puha, Raquel Taguchi, Yumi Suzuki, No. 1:18-cv-00073 HG-KSC; **ORDER DISMISSING COMPLAINT IN PART WITH LEAVE GRANTED TO AMEND**